420 So.2d 370 (1982)
TRANSAMERICA INSURANCE CO., Appellant,
v.
John Weed and Conrad Bishop, D/B/a the Diamond Shop, Appellee.
Nos. XX-19, ZZ-296.
District Court of Appeal of Florida, First District.
October 12, 1982.
Fred M. Johnson and Baya Harrison, III, of Fuller, Johnson & Harrison, Tallahassee, for appellant.
Stephen A. Smith, of Smith & Smith, Lake City, for appellee.
WENTWORTH, Judge.
After denial of their motion to compel arbitration, Transamerica filed a petition for writ of common law certiorari seeking review of that denial. However, there was no stay of the proceedings below and the case went to a jury trial. Final judgment was entered against Transamerica before this court ruled on the petition for certiorari. Transamerica then perfected a timely appeal primarily raising the arguments which were presented in the petition. On Transamerica's motion, the appeal and petition have been consolidated. We affirm the judgment and deny the writ.
Transamerica issued an insurance policy to "The Diamond Shop" covering loss due to *371 fire damage of the building, its contents, and inventory. Sometime thereafter, all were destroyed by fire. Transamerica paid the policy limits for the damage to the building. However, the parties could not agree on the amount of loss as to the contents and inventory. On March 7, 1980, The Diamond Shop filed a complaint demanding judgment against Transamerica for all covered losses. Transamerica answered on April 3, 1980, asserting the following affirmative defense:
2. Plaintiffs have failed and refused to comply with their obligation under the provisions of their policy of insurance with the Defendant and consequently the Defendant is not liable to them in any amount.
On the same day, Transamerica filed an interrogatory requesting a detailed description, quantity, and cash value of each item included in the inventory loss. On April 15, 1980, The Diamond Shop filed a motion to set the case for trial, to which Transamerica did not object. On April 23, 1980, Transamerica answered interrogatories propounded by The Diamond Shop, and on May 5, 1980, The Diamond Shop filed a detailed statement of inventory loss. On May 21, 1980, Transamerica offered a $30,000 settlement which was rejected on June 5, 1980. After a second offer was rejected, Transamerica demanded an appraisal pursuant to paragraph 16 of the policy. On June 23, 1980, the attorney for The Diamond Shop informed Transamerica's attorney that his clients would not voluntarily submit to an appraisal. Finally, on June 24, 1980, Transamerica filed a motion to compel appraisal, the denial of which gave rise to the now consolidated petition for writ of common law certiorari and appeal from final judgment in favor of The Diamond Shop.
The provisions of the policy which are pertinent to this appeal provide:
15. Duties Of The Named Insured After A Loss. In case of loss the named insured shall:
(c) prepare an inventory of damaged personal property showing in detail, quantity, description, actual cash and amount of loss. Attach to the inventory all bills, receipts and related documents that substantiate figures in the inventory.
16. Appraisal. If the named insured and the Company fail to agree on the amount of the loss, either can demand that the amount of loss be set by appraisal. If either party makes a written demand for appraisal, each shall select a competent independent appraiser. Each shall notify the other of the selected appraiser's identity within twenty (20) days of the receipt of the written demand.
The two appraisers shall select a competent, impartial umpire. If the appraisers are unable to agree upon an umpire within fifteen (15) days, the named insured or the Company may petition a judge of a Court of Record in the state where the insured premises is located to select an umpire.
The appraisers shall then set the amount of the loss. If the appraisers submit a written report of an agreement to the Company, the amount agreed upon shall be the amount of the loss. If the appraisers fail to agree within a reasonable time, they shall submit their differences to the umpire. Written agreement signed by any two of these three shall set the amount of loss.
Each appraiser shall be paid by the party selecting that appraiser. Other expenses of the appraisal and compensation of the umpire shall be paid equally by the named insured and the Company.[1]
The appraisal clause found in paragraph 16 is one which has been held to be a condition precedent to the right of the insured to maintain an action on the policy. New Amsterdam Casualty Co. v. Blackshear, 116 Fla. 289, 156 So. 695 (1934). Transamerica argues that it acted promptly and in good faith in invoking the appraisal *372 clause, so that the Shop's failure to submit to arbitration precluded recovery. Had Transamerica acted promptly, their contention would be persuasive. Under the circumstances of this case, however, we reach a contrary conclusion.
As a party to the insurance contract, Transamerica was clearly aware of the arbitration provision. It was also aware, prior to answering the complaint, that the amount of loss was in dispute and that the insured had not complied with the paragraph 15 requirement of submitting a detailed inventory of lost merchandise. Although Transamerica's general allegation of failure of the insured to comply with it's obligations under the policy might be considered a reference to paragraph 15, it plainly does not invoke or assert rights under the arbitration clause. Florida Rule of Civil Procedure 1.120(c) requires that the denial of performance of a condition precedent shall be made specifically and with particularity.[2] The general statement in Transamerica's answer and affirmative defense neither specifically nor particularly refers to the arbitration agreement.
In addition, Transamerica's subsequent activities in the court proceedings do not indicate a timely election of its right to arbitration. On the contrary, Transamerica engaged in discovery proceedings, tacitly agreed to setting the case for trial and generally participated in the suit for nearly four months before filing its motion to compel arbitration. Under these circumstances we find that Transamerica took a position and utilized procedures inconsistent with arbitration, resulting in waiver of the right to compel that contractual remedy. See Winter v. Arvida Corp., 404 So.2d 829 (Fla.3d DCA 1981); Ojus Industries Inc. v. Mann, 221 So.2d 780 (Fla.3d DCA 1969); Mike Bradford & Co. v. Gulf States Steel, 184 So.2d 911 (Fla.3d DCA 1966).
Transamerica also challenges the trial court's order awarding attorney's fees to the plaintiff. We find no abuse of discretion or illegality in the award, and therefore affirm on this point also.
McCORD and BOOTH, JJ., concur.
NOTES
[1] The "appraisal" provision in the policy is in fact an agreement to submit to arbitration in the event of disagreement on the amount of loss. See Southern Home Insurance Co. v. Faulkner, 57 Fla. 194, 49 So. 542 (Fla. 1909).
[2] Failure to properly raise a defense results in waiver. Fla.R.Civ.P. 1.140.