745 So.2d 1136 (1999)
Jennifer Irene HILL, Appellant,
v.
RAY CARTER AUTO SALES, INC., a Florida Corporation, Appellee.
No. 99-1673.
District Court of Appeal of Florida, First District.
December 16, 1999.
*1137 Stephen J. Pajcic, III, and Christine A. Clark, Jacksonville; William A. Bald of Dale, Bald, Showalter & Mercier, P.A., Jacksonville, for Appellant.
Robert E. O'Quinn, Jr., and Susannah D. Morrison of Webb & O'Quinn, P.A., Jacksonville, for Appellee.
WEBSTER, J.
Appellant (Hill) seeks review of a nonfinal order granting appellee's (Carter's) motion to stay and to refer the matter to arbitration. We have jurisdiction. Fla. R.App. P. 9.130(a)(3)(C)(v). Because the trial court's finding that Carter did not waive any right it might otherwise have had to arbitrate is supported by competent substantial evidence, we affirm that finding. However, because the trial court failed to determine whether the agreement containing the arbitration clause was valid and enforceable, we reverse, and remand for further proceedings.
On November 30, 1998, Hill filed her complaint, alleging that Carter had sold her a defective car. The complaint, interrogatories, a request for production and requests for admissions were served on Carter on December 3, 1998. On January 15, 1999, Carter objected to a portion of Hill's request for production; and, on January 21, 1999, it responded to Hill's requests for admissions. On January 27, 1999, Carter served a request for production on Hill. Carter served its answer on January 28, 1999, having obtained from Hill's counsel an agreement to extend the time within which the answer must be filed. The answer did not raise the subject of arbitration. On January 29, 1999, Carter served interrogatories on Hill. On February 4, 1999, Carter served a motion requesting that the proceeding be stayed and the matter referred to arbitration.
At the hearing on the motion to stay the proceeding and refer the matter to arbitration, Hill's counsel argued that Carter had waived any right it might otherwise have had to demand arbitration by filing an answer which did not raise the issue, and otherwise actively participating in the litigation process. Carter's attorney responded that only two months had passed between the date on which his client had been served and that on which the motion requesting arbitration was filed. In addition, he said that he had not yet received a copy of the contract which included the arbitration clause (and, therefore, was unaware of the clause) at the time he prepared and served the answer but that, as soon as he received it, he filed the motion requesting arbitration.
In its order granting Carter's motion, and referring the matter to arbitration, the trial court found that "[w]hen [Carter] discovered the existence of the contract and the arbitration clause, it promptly requested arbitration." It found, further, that
Although [Carter] did participate in this litigation by filing an Answer and propounding discovery, it also sought to *1138 invoke the provisions of the contract requiring arbitration in a timely fashion and in a manner not inconsistent with the existence of the arbitration clause. It seems that [Carter's] counsel was trying to keep up the pace with [Hill's] counsel but this is not necessarily inconsistent with it's [sic] request for arbitration.
This appeal follows.
Hill correctly points out that a valid contractual right to arbitrate a dispute may be waived. E.g., Miller v. Drexel Burnham Lambert, Inc., 791 F.2d 850 (11th Cir.1986) (interpreting federal arbitration law); Klosters Rederi A/S v. Arison Shipping Co., 280 So.2d 678 (Fla.1973) (interpreting Florida law). It is also true that numerous courts (including ours) have held that waiver may occur as the result of active participation in a lawsuit. E.g., S & H Contractors, Inc. v. A.J. Taft Coal Co., 906 F.2d 1507 (11th Cir.1990); Beverly Hills Dev. Corp. v. George Wimpey of Florida, Inc., 661 So.2d 969 (Fla. 5th DCA 1995); Finn v. Prudential-Bache Securities, Inc., 523 So.2d 617 (Fla. 4th DCA 1988); Maryland Cas. Co. v. Department of Gen. Serv., 489 So.2d 54 (Fla. 1st DCA 1986). Such conduct may result in a finding of waiver because it is generally presumed to be inconsistent with an intent to insist on arbitration.
The question which a trial court must answer when presented with an argument that a party has waived a right it might otherwise have had to arbitrate the dispute which is the subject of the lawsuit is whether, in fact, a waiver has occurred. A "[w]aiver is the intentional or voluntary relinquishment of a known right, or conduct which warrants an inference of the relinquishment of a known right." Board of County Comm'rs v. International Union of Operating Engineers, Local 653, 620 So.2d 1062, 1065 (Fla. 1st DCA 1993). Whether a waiver has occurred in any given situation is generally a question of fact. Southeast Grove Management, Inc. v. McKiness, 578 So.2d 883 (Fla. 1st DCA 1991). We will reverse a decision of a trial court which is dependent upon a factual finding only if there is no competent substantial evidence to support the finding. E.g., Manufacturers Nat'l Bank v. Canmont Int'l, Inc., 322 So.2d 565 (Fla. 3d DCA 1975). Here, we cannot say that there exists no competent substantial evidence to support the trial court's implicit finding that Carter did not waive any right it might otherwise have had to request arbitration. Accordingly, we affirm that finding. We note, in passing, that such a result is consistent with the generally favorable attitude of courts toward arbitration as a means of dispute resolution. See, e.g., Roe v. Amica Mut. Ins. Co., 533 So.2d 279, 281 (Fla.1988) ("arbitration is a favored means of dispute resolution").
Our conclusion that competent substantial evidence supports the trial court's finding that no waiver occurred does not end our inquiry. In its answer, Carter implies in an affirmative defense that the contract containing the arbitration clause is not valid and enforceable. Hill's counsel argued to the trial court that an issue existed regarding whether the contract was valid and enforceable. Although the trial court recognized in its order that such an issue existed, it did not decide that issue. This was error.
When, as was the case here, a party opposing arbitration disputes the existence or validity of the agreement to arbitrate, the trial court must resolve that issue as a part of its consideration of the motion seeking to compel arbitration. Jalis Constr., Inc. v. Mintz, 724 So.2d 1254 (Fla. 4th DCA 1999). If necessary, the trial court must hold an evidentiary hearing on the issue. Merrill Lynch Pierce Fenner & Smith v. Melamed, 425 So.2d 127 (Fla. 4th DCA 1982). Because the trial court did not resolve that issue here, we reverse the order staying the proceeding and referring the matter to arbitration, and remand. On remand, the trial court shall conduct such further hearings as it *1139 deems necessary to permit it to decide whether a valid and enforceable agreement to arbitrate exists.
AFFIRMED IN PART; REVERSED IN PART; and REMANDED, with directions.
JOANOS and PADOVANO, JJ., CONCUR.