834 So.2d 395 (2003)
Albert K. MORRELL, Sr., Millicent Morrell, et al, Appellants,
v.
WAYNE FRIER MANUFACTURED HOME CENTER, etc., et al, Appellees.
No. 5D02-105.
District Court of Appeal of Florida, Fifth District.
January 17, 2003.
*396 Kevin K. Dixon of Brannen, Stillwell & Perrin, P.A., Inverness, for Appellants.
Frank C. Amatea, Ocala, for Appellees.
THOMPSON, C.J.
Millicent and Albert K. Morrell, Sr., appeal an order granting the motion of defendants Wayne Frier Manufactured Home Center of Homosassa Springs, Inc., and Wayne Frier Mobile Home Sales, Inc. ("Frier"), to require arbitration of the Morrells' complaint against Frier. We reverse.
The Morrells, along with Joseph and Kathleen Stafford (collectively "plaintiffs") sued Frier under The Motor Vehicle Retail Sales Finance Act, Chapter 520, Florida Statutes. They alleged that the Staffords had wanted to purchase a mobile home from Frier to place on their land. The Morrells, who were Kathleen Stafford's parents, agreed to co-sign the credit application, and signed the documents given to them by Frier. After the home was placed on the Staffords' land, the plaintiffs discovered that the Morrells were not co-signors, but were the owners of the mobile home and the sole obligors on the note. They alleged that Frier had altered the credit application submitted by the Morrells, resulting in an overstatement of their income by $2000. Further, the plaintiffs discovered that instead of the model contracted for, a five bedroom home with a fireplace, Frier delivered a four bedroom model without a fireplace.
The complaint was served on 3 October 2000. Frier answered the complaint in October 2000, and asserted as an affirmative defense that the Staffords were not signatories to the contract, an apparent contention that the Staffords did not have standing to sue under chapter 520. Frier also filed a motion to dismiss the complaint as to the Staffords, on the ground that the Staffords were not signatories to the contract and therefore had no cause of action under chapter 520. On 4 June 2001, the plaintiffs filed notice that the action was ready for trial. A status conference was held on 1 August 2000, and the attorneys for all parties attended. On 2 August 2000, the court issued an "Order Setting Case for Mediation Conference, Discovery Cut Off Date, Pretrial Conference and Trial." Among other things, this order set a pre-trial conference for 28 November 2001, and required all attorneys to attend and to be accompanied by someone authorized to settle. The attorneys were required to present all of the documentary evidence to be introduced at trial, a synopsis of testimony, and requests for preliminary rulings. The case was set for trial during the 10 December 2001 docket.
In July 2001, the plaintiffs requested production of documents, and in August 2001, the defendants complied. Twice in July 2001, Frier noticed the plaintiffs' depositions, but these were apparently canceled. Also in July, Frier noticed a 14 August 2001 hearing on its motion to dismiss. It does not appear that this hearing was ever held. In August 2001, Frier set the plaintiffs' depositions for 18 September 2001, but four days before the depositions were to be taken, they were rescheduled by Frier for the same day but a different time. Apparently, these depositions were also canceled. The plaintiffs moved to amend their complaint to add a count for fraud based on the allegations made with respect to their claim under chapter 520.
*397 In September 2001, Frier served its motion to stay the proceedings and refer the matter to arbitration. In December 2001, the court entered an order allowing the plaintiffs to amend their complaint. On that date, the court also entered the order on appeal, which referred the matter to arbitration.
A contractual right to arbitrate a dispute may be waived. See e.g., Klosters Rederi A/S v. Arison Shipping Co., 280 So.2d 678 (Fla.1973); Graham Contracting, Inc. v. Flagler County, 444 So.2d 971 (Fla. 5th DCA 1983). In ruling on a motion to compel arbitration, a court must determine whether: (1) a valid written agreement containing an arbitration clause exists; (2) an arbitrable issue exists; and (3) the right to arbitration has been waived. North American Van Lines v. Collyer, 616 So.2d 177 (Fla. 5th DCA 1993). A party who opposes arbitration need not demonstrate actual prejudice unless waiver is premised on delay in asserting the right. Beverly Hills Development Corp. v. George Wimpey of Florida, Inc., 661 So.2d 969 (Fla. 5th DCA 1995).
A party waives its right to arbitrate by: (1) actively participating in the lawsuit; or (2) taking action which is inconsistent with the right to arbitrate. Klosters Rederi; R.W. Roberts Construction Co., Inc. v. Masters & Co., Inc., 403 So.2d 1114 (Fla. 5th DCA 1981) (the defendant's motion to transfer the action, a contention that the case was in the court of the wrong county, rather than that the case should not be in court at all, waived the right to arbitration). Compare Mike Bradford & Co. v. Gulf States Steel Co., 184 So.2d 911 (Fla. 3d DCA 1966) (waiver where the defendant submitted an answer and a counterclaim without raising the issue of arbitration, allowed the cause to proceed for five months, and allowed a jury to be impaneled); King v. Thompson & McKinnon, Auchincloss, Kohlmeyer, Inc., 352 So.2d 1235 (Fla. 4th DCA 1977) (waiver where the defendant repudiated the right to arbitration in the form of an answer to the cross-claim without a demand for arbitration, where the opposing party had submitted extensive requests for discovery, and where the cross-defendant did not move to compel arbitration until nearly a year after the cross-claim was filed); Marthame Sanders & Co. v. 400 West Madison Corp., 401 So.2d 1145 (Fla. 4th DCA 1981) (waiver where the defendant answered and counterclaimed, participated in depositions, interrogatories, and document production, and where the defendant did not file its motion to compel arbitration until the third continued date of trial, over three years after the complaint was filed); Transamerica Insurance Co. v. Weed, 420 So.2d 370 (Fla. 1st DCA 1982) (waiver where the defendant answered the complaint without specifically mentioning the arbitration agreement, failed to object to the plaintiff's motion to set the case for trial, made two separate settlement offers, and did not move to compel arbitration until almost four months after the complaint was filed, and where the plaintiff filed a detailed statement of inventory loss); Bared and Co., Inc. v. Specialty Maintenance and Construction, Inc., 610 So.2d 1 (Fla. 2d DCA 1992) (waiver where the defendant filed an answer and a cross-claim without raising the arbitration issue); Breckenridge v. Farber, 640 So.2d 208 (Fla. 4th DCA 1994) (waiver where the defendant answered without demanding arbitration); Sterling Condominium Ass'n. v. Herrera, 690 So.2d 703 (Fla. 3d DCA 1997) (waiver where the defendant filed an answer, affirmative defenses, and a counterclaim, and where the defendant actively participated in the litigation for over two years and did not move to compel arbitration until the case was already set for trial); Woodall v. *398 Green Tree Financial Servicing Corp., 755 So.2d 681 (Fla. 4th DCA 1999) (waiver where the defendants responded to the complaint by filing a motion for summary judgment which was directed to the merits).
In the instant case, Frier filed an answer, an affirmative defense, and a motion to dismiss which addressed the merits of the plaintiffs' case and which did not assert the right to arbitrate. Frier allowed the litigation to reach the point at which a case management conference was held, and at which the case was set for mediation and trial. Frier and the plaintiffs engaged in discovery and submitted their witness lists, and Frier did not assert the right to arbitrate until the eve of trial, nearly a year after the complaint was served on it. Under these circumstances, we conclude that Frier waived its asserted right to arbitration. The fact that the plaintiffs filed an amended complaint does nothing to revive Frier's right to arbitration. Compare Hawkins v. James D. Eckert, P.A., 738 So.2d 1002 (Fla. 2d DCA 1999) (filing of counterclaim did not revive a party's previously waived right to arbitration).
REVERSED.
SHARP, W. and SAWAYA, JJ., concur.