846 So.2d 1238 (2003)
Eugenia M. BENEDICT, Appellant,
v.
PENSACOLA MOTOR SALES, INC, d/b/a/ Bob Tyler, etc, Appellee.
No. 1D02-5252.
District Court of Appeal of Florida, First District.
June 9, 2003.
*1240 Appellant, pro se.
John B. Trawick, Shell, Fleming, Davis & Menge, Pensacola, for Appellee.
HAWKES J.
We have for review an interlocutory order compelling arbitration. We have jurisdiction pursuant to Florida Rule of Appellate Procedure Rule 9.130(a)(3)(C)(iv). This court reviews de novo a trial court's ruling on a motion to compel arbitration. See Florida Title Loans, Inc. v. Christie, 770 So.2d 750, 751 (Fla. 1st DCA 2000). We affirm.

I
Appellee, Bob Tyler Toyota, sold Appellant, Eugenia M. Benedict, what was represented to her as a new car, and she signed a Sales Agreement which included an arbitration clause. Appellant subsequently discovered the car she bought as "new" was, in fact, one which had been sold to another couple and returned by them due to mechanical problems. Appellant also learned that Appellee had the fuel injection system replaced by his service department prior to its sale to Appellant, all without notice. Upon Appellant's request, the Department of Highway Safety and Motor Vehicles conducted an investigation which revealed the above-stated facts.
On April 25, 2002, Appellant filed a Complaint against Appellees. The Sales Agreement was attached and incorporated by reference through paragraph 37 of count seven, as part of the breach of contract claim. The arbitration provision itself was not specifically referenced. Twenty days after service of the Complaint, Appellee filed a Motion to Dismiss and an Answer, neither of which referenced the arbitration clause. On June 18, 2002, Appellee filed a Motion to Compel Arbitration pursuant to the contractual provisions of the Sales Agreement. On October 3, 2002, Appellee's counsel filed an Affidavit wherein he attested he had not seen the Sales Agreement and its arbitration clause until he spoke to his client on June 17, 2002, and had the opportunity to review a faxed copy. A hearing was held on Appellee's Motion to Compel Arbitration. After hearing arguments of counsel, the trial court granted the motion subject to the arbitrator's consideration of Appellant's entitlement to punitive damages.
On appeal, Appellant does not dispute the fact that the parties contractually agreed to arbitrate. Nor does she argue that the contested issues are outside the scope of their contractual agreement. Rather, Appellant argues that because she filed a Complaint and Appellee filed an Answer 28 days prior to filing a Motion to Compel Arbitration, the right to arbitrate is waived. In other words, the sequence of pleadings alone resulted in a waiver of arbitration. This argument is not supported by the law.

II
Arbitration clauses are to be given the "broadest possible interpretation to accomplish the salutory purpose of resolving controversies out of court." Royal Caribbean Cruises, Ltd. v. Universal Employment Agency, 664 So.2d 1107, 1108 (Fla. 3d DCA 1996). When parties contractually agree to arbitrate, a court must give effect to that agreement, and all arbitrable issues must be resolved through arbitration unless arbitration has been waived. All questions regarding waiver of arbitration should be construed in favor of arbitration. See Zager Plumbing, Inc. v. JPI Nat'l Constr., Inc., 785 So.2d 660, 662 (Fla. 3d DCA 2001).
In furtherance of these principles and for the reasons discussed below, we *1241 hold that when a party to a contract containing an arbitration clause seeks to avoid arbitration by asserting implied waiver based on inconsistent acts, it must show prejudice. Our holding is based on three premises. First, the Florida Supreme Court's ruling in Seifert v. U.S. Home Corp., 750 So.2d 633, 636 (Fla.1999), provides that, when ruling on a motion to compel arbitration, the trial court's analysis is the same under both the Federal Arbitration Act (federal Act) or the Florida Arbitration Code (Florida Code). The federal Act has consistently been interpreted to require a showing of prejudice before an implied waiver of arbitration can be found.[1] Second, the district courts of appeal are divided as to whether, under the Florida Code, a showing of prejudice is required before an implied waiver can be found. We believe Seifert eliminates the disparity of analyses between application of the federal Act and the Florida Code, and this is our first opportunity to directly address this issue. Finally, Florida courts consistently require a showing of prejudice prior to compelling strict compliance with many procedural requirements.[2] Thus, requiring prejudice here is consistent with the policy of avoiding hypertechnical application of the law in a manner that would allow substantive determinations to be made based on the sequence of pleadings rather than on the merits of the claims. See Simpson v. State, 418 So.2d 984, 986 (Fla.1982) (holding "[w]e should seek to avoid, not foster a hypertechnical application of the law.").

III
The Florida Supreme Court has held that, under either the federal Act or the Florida Code there are "three elements for courts to consider in ruling on a motion to *1242 compel arbitration[ ]:(1) whether a valid written agreement to arbitrate exists; (2) whether an arbitrable issue exists; and (3) whether the right to arbitration was waived." Seifert 750 So.2d at 636. Accordingly, under either federal or Florida law, when determining the existence of a valid written agreement or an arbitrable issue, the inquiry and result would be the same. Thus, an inquiry into waiver should also yield the same result, regardless of whether the dispute is to be arbitrated pursuant to the federal Act or the Florida Code.
Waiver is defined as "the intentional or voluntary relinquishment of a known right, or conduct which warrants an inference of the relinquishment of a known right." Hill v. Ray Carter Auto Sales, Inc., 745 So.2d 1136, 1138 (Fla. 1st DCA 1999). Active participation in a law suit may warrant an inference of the relinquishment of arbitration rights. See id. at 1137. This court has consistently recognized that waiver of a contractual right to arbitrate may occur as a result of the moving party's active participation in a lawsuit. See e.g., Maryland Cas. Co. v. Dep't of Gen. Serv., 489 So.2d 54 (Fla. 1st DCA 1986); Transamerica Ins. Co. v. Weed, 420 So.2d 370 (Fla. 1st DCA 1982). However, while prejudice to the litigant resisting arbitration has arguably been present in each of these cases, there has been no discussion as to whether, under Florida law, a showing of prejudice is required before waiver can be found. See Maryland Cas. Co., 489 So.2d at 55-56 (waiver where defendant filed answer, discovery requests and various motions without demand for arbitration); Weed, 420 So.2d at 371-372 (waiver where answer and affirmative defense did not refer to arbitration; and defendant engaged in discovery proceedings, tacitly agreed to set case for trial, and generally participated in suit for nearly four months before moving for arbitration). Thus, although not expressly stated, waiver exists where active participation in litigation results in prejudice to the party opposing a motion to compel arbitration.
In a case factually similar to the case at bar, this court held that the filing of an answer two months prior to filing the motion to compel arbitration did not constitute waiver. See Hill, 745 So.2d at 1138. In that case, the defendant's counsel had not received a copy of the contract which contained the arbitration clause at the time the answer was prepared and served. However, based on a review of the case, it is hard to imagine how the party opposing arbitration could have been prejudiced simply because the answer was filed two months before the motion to compel arbitration, absent any other participation in the litigation.
The Third District has held the "well established rule of this district" is that a showing of prejudice is "indispensable" to a conclusion that arbitration was waived because the party seeking to compel arbitration took action inconsistent with arbitration. See Lane v. Sarfati, 691 So.2d 5 (Fla. 3d DCA 1997) (certifying conflict with Donald & Co. Sec., Inc. v. Mid-Fla. Cmty Serv., 620 So.2d 192 (Fla. 2d DCA 1993)).
Conversely, the opinions of the remaining three districts, decided prior to Seifert, hold prejudice is not required before implied waiver can be found. Significantly, while stating prejudice is not required, those cases discuss how long the case proceeded, the number of pleadings and motions filed, and the extent of discovery, thus indicating active participation in litigation *1243 resulted in prejudice.[3] Interestingly, in Owens & Minor Med., Inc. v. Innovative Mktg & Distrib. Serv., 711 So.2d 176 (Fla. 4th DCA 1998), litigation had been actively ongoing for almost a year before the answer was filed. One month later, the motion to compel arbitration was filed. The Owens court found an implied waiver. The time between the filing of the answer and the filing of the motion to compel arbitration was greater in Hill than in Owens. The only logical reason justifying an implied waiver in Owens, but not in Hill, is prejudice to the party opposing arbitration resulting from active participation in litigation. Thus, it appears that a requirement of prejudice, had it existed, would have altered the result in very few, if any, of these cases. However, to the extent these cases permit implied waiver without showing prejudice, or require differing analyses depending on the applicable arbitration process, they appear to have been superseded by Seifert.
Subsequent to Seifert, at least one district has continued to hold prejudice is not required before an implied waiver can be found. See Morrell v. Wayne Frier Mfrd. Home Center, 834 So.2d 395 (Fla. 5th DCA 2003). In that case, the defendant filed an answer, affirmative defenses, and a motion to dismiss. Litigation proceeded to the point that a case management conference was held, and the case was set for mediation and trial. The plaintiffs engaged in discovery and submitted witness lists. The defendant did not assert the right to arbitrate until the eve of trial, nearly one year after the complaint was served. The Fifth District held the right to arbitrate had been waived. Although the court stated prejudice was not required, in that case, as with the cases discussed above, due to active participation in the litigation, it was clearly present.
We find that requiring the trial court to make a factual inquiry as to the possible prejudice the party opposing arbitration would suffer is the only rational test to apply to determine the existence of an implied waiver if the courts are going to give arbitration clauses the "broadest possible interpretation to accomplish the salutory purpose of resolving controversies out of court." Royal Caribbean Cruises, Ltd. 664 So.2d at 1108. Without requiring prejudice, any per se rule (either pleading-based or time-based) would have the potential of resulting in unnecessary injustice that application of inflexible procedural rules invariably cause. Accordingly, we *1244 align with the Third District and hold that the party opposing arbitration must demonstrate prejudice before implied waiver can be found based on inconsistent acts. Our conclusion is not only consistent with the ruling in Seifert, it supports the goal of avoiding a hypertechnical application of rules without concern for substantive effect. To the extent our holding conflicts with the Fifth District's holding in Morrell, we certify conflict.

IV
Because the record fails to show that Appellant was prejudiced by the sequence of Appellee's filings, the trial court's order granting Appellee's motion to compel arbitration is
AFFIRMED, and CONFLICT CERTIFIED.
DAVIS and LEWIS, JJ., concur.
NOTES
[1] Under federal law, prejudice has consistently been required, and the party arguing waiver of arbitration bears a heavy burden of proof. See Miami Dolphins, Ltd. v. Cowan, 601 So.2d 301, 302 (Fla. 3d DCA 1992) (citing Britton v. Co-op Banking Group, 916 F.2d 1405, 1412 (9th Cir.1990); accord Rush v. Oppenheimer & Co., 779 F.2d 885, 887 (2d Cir.1985)) (party seeking to prove waiver of a right to arbitrate must demonstrate: (1) knowledge of an existing right to compel arbitration; (2) acts inconsistent with that existing right; and (3) prejudice to the party opposing arbitration resulting from such inconsistent acts).
[2] See Derrick v. State, 581 So.2d 31 (Fla.1991) (holding when discovery violation alleged, trial court must conduct hearing to inquire into circumstances of the violation and its possible prejudice to defendant); Hoffman v. State, 397 So.2d 288 (Fla.1981) (allowing amendment of date alleged in State's statement of particulars if no showing of prejudice to defendant); Atl. Coast Line R.R. Co. v. Edenfield, 45 So.2d 204 (Fla.1950) (noting pleadings may be amended before, during and after trial; test is whether amendment takes opposing party by surprise); Buday v. Ayer, 754 So.2d 771 (Fla. 2d DCA 2000)(noting party entitled to amend pleading to conform to evidence if party can establish issue was tried by express or implied consent of opposing party and admission of the evidence will not prejudice opposing party); Anglo Am. Auto Auctions, Inc. v. Tuminello, 732 So.2d 1218 (Fla. 5th DCA 1999) (holding under rule governing amendments to pleadings to conform with evidence, test of prejudice is primary consideration in determining whether motion for leave to amend should be granted); Rosser v. State, 658 So.2d 175 (Fla. 3d DCA 1995) (holding State may substantively amend charging document during trial, even over defendant's objection unless there is a showing of prejudice to substantial rights of defendant); Tutwiler Cadillac, Inc. v. Brockett, 551 So.2d 1270 (Fla. 1st DCA 1989) (noting Florida courts have policy of liberality toward vacating defaults and allowing trial on merits; default set aside based on excusable neglect, errors in original complaint, and lack of prejudice resulting from late filed answer); Trans World Marine Corp. v. Threlkeld, 201 So.2d 614 (Fla. 3d DCA 1967) (holding defendant permitted to amend answer to include affirmative defense after jury verdict, because evidence of defense presented at trial).
[3] Owens & Minor Med., Inc. v. Innovative Mktg & Distrib. Serv., 711 So.2d 176 (Fla. 4th DCA 1998) (in February, 1996, plaintiff filed suit and obtained a prejudgment writ of garnishment; in March, 1996, plaintiff served a request for admissions and filed a second amended complaint; in July, 1996, plaintiff served a request for admissions, a request for production, and two sets of interrogatories; in January, 1997, after its motion to dismiss was denied, defendant filed its answer, affirmative defenses, counterclaim and third party complaint; in February, 1997, plaintiff filed a motion to stay and compel arbitration); Beverly Hills Dev. Corp. v. George Wimpey of Fla., Inc., 661 So.2d 969 (Fla. 5th DCA 1995) (plaintiff sought law suit without first or simultaneously seeking arbitration; defendant filed a motion to dismiss the complaint and compel arbitration, which plaintiff opposed; approximately 1 month later, plaintiff reversed its position and for the first time sought arbitration by filing a motion to compel; 3 months later, defendant reversed its position and withdrew its motion to compel arbitration, and filed an amended motion to dismiss based solely on a claim of failure to state a cause of action; court found both parties waived their right to arbitrate); Donald & Co. Sec., Inc. v. Mid-Fla. Cmty Serv., 620 So.2d 192 (Fla. 2d DCA 1993) (plaintiff filed pleadings and litigated case for 13 months before invoking right to arbitrate and, in interim, defended against vigorous defenses and counterclaims, one of which was ruled on by the trial court and affirmed on appeal; plaintiff also conducted several depositions and was itself deposed).