866 So.2d 75 (2003)
Jacquelyn B. ALGAYER, as Personal Representative of the Estate of Hollis W. Algayer, deceased, Appellant,
v.
The HEALTH CENTER OF PANAMA CITY, INC., d/b/a St. Andrews Health & Rehabilitation Center, Appellee.
No. 1D03-0425.
District Court of Appeal of Florida, First District.
November 21, 2003.
Rehearing Denied February 20, 2004.
R. Waylon Thompson of Manuel & Thompson, P.A., Panama City; and Philip *76 M. Burlington of Caruso & Burlington, P.A., West Palm Beach, for Appellant.
W. Benjamin Broadwater and James T. Patterson of Alford, Clausen & McDonald, LLC, Mobile, Alabama, for Appellee.
BROWNING, J.
This is an appeal from a nonfinal order compelling arbitration of Appellant's malpractice claim. We reverse.

FACTS
Appellant's husband, age 83, was transferred from a hospital to Appellee's nursing home. Upon his arrival, he signed and initialed the admission documents, which contained a clause requiring arbitration in the event of disagreements. The following day, Appellant arrived at St. Andrews to see her husband. She alleges that she was asked to sign paperwork, that she informed the staff that her husband was legally incompetent, and that she thereafter signed the admission paperwork as his attorney-in-fact, but that she asked to read the documents and was not allowed to do so; rather, Appellee's employee read the documents to Appellant. Appellant signed the document and initialed certain pages, but did not sign or initial the page containing provisions on mediation and arbitration. Appellant alleges that she was unaware of the paragraphs in the contract entitled "Mediation" and "Arbitration" until her attorney in this case sent her a copy of it. Appellant's husband had initialed both provisions. Appellant's husband stayed at St. Andrews for one month, then was discharged; he died on May 1, 2001.
The terms of the arbitration provision read as follows:
Any disputes not settled by mediation within 60 days after a mediator is appointed shall be resolved by binding arbitration administered by the Alternative Dispute Resolution Service of the American Health Lawyers Association, and judgment may be entered in any court having jurisdiction thereof. The arbitrator(s) shall be selected from a panel having experience and knowledge of the health care industry. The same person shall not serve as both the mediator and the arbitrator. The place of arbitration shall be where the Center is located, or, if that is not practical, then as close to the Center as practical. This agreement shall be governed by and interpreted in accordance with the laws of the State of Florida. The award shall be made within nine months of the commencement of the arbitration proceedings and the arbitrators shall agree to comply with this schedule before accepting appointment. However, this time limit may be extended by agreement of all the parties or by the arbitrator(s) if it is absolutely necessary, but not to exceed six months. The arbitrator(s) may award compensatory and punitive damages, and with respect to punitive damages arising under Chapter 400, Florida Statutes, or abuse of the elderly, such punitive damages shall comply with the provisions of Florida Statutes 400.023(7) and (8) and Florida Statutes 768.735. By agreeing to arbitration of all disputes, both parties are waiving a jury trial for all contract, tort, statutory and other claims. The award of attorneys' fees and costs of the arbitration shall be determined by the arbitrator(s) who shall make such award in accordance with Florida law, and in connection with any Dispute involving a violation of Florida Statutes Chapter 400 the award shall be in accordance with Florida Statutes 400.023. The Administrative Fee and Arbitrator's compensation shall be paid for by the center.
In September 2001, Appellant filed a notice of intent to sue under section *77 766.106, Florida Statutes (2001). Appellee did not respond to the notice of intent by engaging in pre-trial discovery or other pre-suit proceedings. Appellant served her complaint on Appellee on January 14, 2002. Appellant followed with a motion to advance trial, served February 8, 2002. On February 15, 2002, Appellee filed its answer to the complaint, including seven affirmative defenses but not mentioning arbitration.[1] After Appellee's answer was filed, the parties generally litigated the proceedings by engaging in discovery and other matters that resulted in the filing of 11 different documents relating to Appellant's claim previous to June 26, 2002.
On June 26, 2002, Appellee filed a motion to amend its answer to add compulsory arbitration as an affirmative defense. On the same day, Appellant filed a motion to compel Appellee to respond to the interrogatories and first request for production on the ground that over 30 days had passed without objection to the discovery. The next day, Appellee filed a motion to stay the case and enforce arbitration. On June 3, 2002, Appellee filed a motion for protective order as to the discovery requests on the ground that Appellee had filed its motion to stay and enforce arbitration. Appellant objected to Appellee's motion to amend its answer, alleging that Appellee had waived the right to arbitrate by conducting discovery and by filing an answer that did not raise the defense of the right to arbitration. Appellant also objected to the motion for protective order on the grounds that Appellee had waived the right to arbitrate, and that the motion was untimely, having been filed more than four months after Appellee's answer. The trial court entered an order finding that Appellant was bound by the contract because it was read to her and, thus, that she was required to arbitrate her claims. The trial court also found that there was a valid written agreement to arbitrate, that an arbitrable issue existed because the duty of care arose from the contract, and that Appellee did not waive the right to compel arbitration by failing to raise the issue in its answer. Significantly, the trial court, when considering Appellee's alleged waiver of arbitration, directed its primary attention to proceedings after Appellee's request for arbitration and ignored the proceedings before Appellee's request for arbitration.

ANALYSIS
Appellant raises four issues on appeal. We affirm two of those issues without further discussion. However, we reverse as to the remaining issues. They are: (1) whether the trial court erred in ruling that St. Andrews had not waived its right to rely on the arbitration provision, and (2) whether the trial court erred in failing to address whether the arbitration provision is unconscionable.
The trial court based its finding that Appellee did not waive its right to rely on the arbitration provision on Appellee's litigation participation after it moved to stay the case and compel arbitration. This was error, as the trial court's primary consideration should have been Appellee's conduct before the motion to compel arbitration was filed. Maryland Cas. Co. v. Dep't of Gen. Servs., 489 So.2d 54 (Fla. 1st DCA 1986); Transamerica Ins. Co. v. Weed, 420 So.2d 370 (Fla. 1st DCA 1982). We remand on this issue to allow the trial court to consider Appellee's conduct throughout the litigation, and instruct the trial court to consider case law released since its order was issued, specifically, Benedict v. Pensacola Motor Sales, Inc., 846 So.2d 1238 (Fla. 1st DCA 2003).
*78 As to point 2, the trial court failed to rule expressly on whether the arbitration provision was either procedurally or substantively unconscionable and thereby erred. Accordingly, we remand for the trial court to consider and specifically address the issue of unconscionability and to consider a case released since the order was issued, Gainesville Health Care Center, Inc. v. Weston, 857 So.2d 278 (Fla. 1st DCA 2003) (not yet released for publication).
For the above reasons, we REVERSE and REMAND to the trial court to consider such issues under existing and recently released cases. If the trial court finds it necessary to hold an evidentiary hearing on either or both issues, the trial court may do so.
BARFIELD and WEBSTER, JJ., concur.
NOTES
[1] Two of those defenses were later stricken.