863 So.2d 423 (2003)
MARINE ENVIRONMENTAL PARTNERS, INC., Appellant,
v.
Dennis JOHNSON and Aqua-Ion Systems, Inc., Appellees.
No. 4D03-1575.
District Court of Appeal of Florida, Fourth District.
December 31, 2003.
*424 Helaina Bardunias and Michael W. Marcil, Gunster Yoakley & Stewart, P.A., Fort Lauderdale, for appellant.
J. David Huskey, Jr. and C. Edward McGee, Jr., McGee & Huskey, P.A., Fort Lauderdale, for appellees.
TAYLOR, J.
Appellant, Marine Environmental Partners, Inc. (MEP), appeals the dismissal of its second amended complaint, which was dismissed on the grounds of contractual arbitration and choice of forum provisions. We reverse, holding that the contractual rights to arbitration and a foreign venue were waived as a matter of law.
Defendant, Aqua-Ion is a Colorado corporation. Defendant, Dennis Johnson, is *425 its president and sole owner. In August 2000, Aqua-Ion entered into a Shareholder Incorporation Agreement (hereinafter Shareholder Agreement) with Boatside Services, Inc. for the formation of a third corporation, Plaintiff, MEP. This contract contains no arbitration or forum selection provision.
The Shareholder Agreement was executed simultaneously with a separate Exclusive Licensing Agreement, which was described as "Exhibit A." The Exclusive Licensing Agreement was then superseded by an Amended Exclusive Licensing Agreement (hereinafter Licensing Agreement) dated a few months later. This Licensing Agreement essentially required MEP to pay a $100,000 fee to Aqua-Ion for marketing rights under certain patents and applications owned by Aqua-Ion. This Licensing Agreement provides in pertinent part:

16. Settlement of Disputes. Any claim or controversy arising out of or relating to this Agreement or to the breach of this Agreement shad (sic) be settled by arbitration in accordance with the rules of the American Arbitration Association....

17. Choice of Law. This Agreement shall be interpreted under the law of, and in the courts of, the State of Colorado.
MEP was a signatory to both agreements.
On June 7, 2002, MEP filed suit here in Florida. The complaint alleged several tort and statutory grounds. Although the complaint does not sound in contract, it does note the existence and violation of the Licensing Agreement in two separate paragraphs, which are each reincorporated in each count of the complaint. Attached to the complaint initially filed is the Shareholder Agreement only, not the Licensing Agreement.[1] The defendants' first motion to dismiss did not raise the existence of a contractual right to arbitrate or incorrect venue. Subsequently, on August 23, 2002, the defendants answered and raised affirmative defenses, again without alleging the contractual right to arbitrate or incorrect venue.
It is undisputed that a copy of the Licensing Agreement containing the arbitration provision was used as an exhibit at defendant Johnson's deposition, which occurred in October and November 2002.
On January 14, 2003, the trial court entered an agreed order which permitted MEP to file a second amended complaint. That second amended complaint is substantially the same as the previous complaints, except that it adds a count for breach of the Shareholder Agreement.
Defendants' motion to dismiss the second amended complaint on grounds of the contractual arbitration provision and improper venue was heard on April 8, 2003. The trial court dismissed the complaint over MEP's claims of waiver. The trial court ruled that because it was unclear whether the Shareholder Agreement or the Licensing Agreement was being sued on, the defendants' could not be held to have waived the contractual rights to arbitrate and to a Colorado forum.
The Federal Arbitration Act mandates the arbitration of contracts which contain arbitration provisions and involve interstate commerce. See Terminix Int'l Co. v. Ponzio, 693 So.2d 104, 106 (Fla. 5th DCA 1997). Thus, generally, where the contract falls within the scope of the Federal Arbitration Act, federal law applies. *426 Donald & Co. Sec., Inc. v. Mid-Florida Cmty. Servs., Inc., 620 So.2d 192, 193 (Fla. 2d DCA 1993). However, where the United States Supreme Court has not ruled on a specific question, state courts are free to apply state law on that question. Raymond James Fin. Servs. v. Saldukas, 851 So.2d 853, 857 (Fla. 2d DCA 2003). Where, as here, the contract between the parties specifies the state law to be applied (in this case Colorado law), such a provision will ordinarily be given effect in deciding the parties' right to arbitrate. See Info. Tech. & Eng'g Corp. v. Reno, 813 So.2d 1053, 1055 (Fla. 4th DCA 2002)(applying California law).
However, in this case neither party has argued the applicability of Colorado law (either below or in their briefs) and both have cited only sparse lower federal authorities, apparently as merely persuasive. By contrast, both parties have relied heavily on Florida law as controlling. In this situation, the choice of law issue is deemed waived and the court is free to apply the law of the forum. See Terminix Int'l Co., 693 So.2d at 106; Waner v. Ford Motor Co., 331 F.3d 851, 856, n. 2 (Fed.Cir. 2003); Neely v. Club Med Management Services, 63 F.3d 166, 180 (3d Cir.1995). We thus apply Florida law.
Under both federal law and the Florida arbitration code, there are three elements for courts to consider: (1) whether a valid written agreement to arbitrate exists; (2) whether an arbitral issue exists; and (3) whether the right to arbitration was waived. See Seifert v. U.S. Home Corp., 750 So.2d 633 (Fla.1999).
The question of waiver is one of fact, reviewable for competent substantial evidence. See Raymond James, 851 So.2d at 856; Hill v. Ray Carter Auto Sales, Inc., 745 So.2d 1136, 1138 (Fla. 1st DCA 1999). All doubts regarding waiver should be construed in favor of arbitration rather than against it. Miller & Solomon Gen. Contractors, Inc. v. Brennan's Glass Co., 824 So.2d 288 (Fla. 4th DCA 2002).
Waiver is the intentional or voluntary relinquishment of a known right or conduct which warrants an inference of the relinquishment of a known right. Hill, 745 So.2d at 1138. A party claiming waiver of arbitration must show: 1) knowledge of an existing right to arbitrate and 2) active participation in litigation or other acts inconsistent with the right. Breckenridge v. Farber, 640 So.2d 208, 211 (Fla. 4th DCA 1994).
The defendants maintain that they did not become aware of the arbitration provision until after their attorneys attended the deposition of Dennis Johnson in October and November 2002. They assert that because a copy of the Licensing Agreement was not attached to the complaint, they could not have known about this agreement's terms until then. However, the defendants were signatories to the Licensing Agreement and legally charged with knowledge of its terms from the date it was signed. See Marthame Sanders & Co. v. 400 W. Madison Corp., 401 So.2d 1145, 1146 (Fla. 4th DCA 1981); see also Breckenridge, 640 So.2d at 211.[2]
*427 This is not the end of the knowledge inquiry, however, since it is also necessary that the defendants were aware that the complaint raised claims "arising out of or relating to" the Licensing Agreement in which the arbitration agreement was located. In Eden Owners Ass'n v. Eden III, Inc., 840 So.2d 419, 420 (Fla. 1st DCA 2003), relied upon by the trial court below, the court held that because appellant had failed to set forth an actionable claim based upon breach of the contract in which the arbitration right was contained until the second amended complaint and appellees moved promptly thereafter to compel arbitration, no waiver had occurred.
The trial court's reliance on Eden Owners is misplaced. In this case there was no material difference between the original complaint and the second amended complaint insofar as the relationship to the Licensing Agreement is concerned. Both complaints contained identical allegations regarding that agreement. In fact, the only difference between the two complaints was the addition of a breach of contract action based on the separate Shareholder Agreement, which contained no arbitration provision. If the defendants were sufficiently aware of their right to arbitrate after the second amended complaint (which we must presume from their motion), they must be charged with an identical awareness from the outset of the litigation.
The trial court was unclear about which contract MEP was suing upon. However, because this was a broadly worded ("relating to") arbitration provision, it was not necessary that the claims actually arise from the Licensing Agreement to be arbitrable, merely that they relate to that agreement. See Seifert, 750 So.2d at 637-38. The fact that the complaint referred to the Licensing Agreement in two separate paragraphs (one alleging its violation), which allegations were then incorporated into every cause of action raised, should clearly have put the defendants on notice that the complaint "related" to the Licensing Agreement and hence was arbitrable.
The remaining waiver question is whether the defendants actively participated in the suit or otherwise took actions inconsistent with the right to arbitrate. Morrell v. Wayne Frier Manufactured Home Ctr., 834 So.2d 395, 396 (Fla. 5th DCA 2003). Active participation in the suit works a waiver because it is generally presumed to be inconsistent with the intent to arbitrate. Miller & Solomon Gen. Contractors, 824 So.2d at 290. Where a party defends on the merits by answering the complaint without demanding arbitration, a waiver is deemed to have occurred. Id.; O'Flarity v. Trend Star Dev., Inc., 689 So.2d 1297 (Fla. 4th DCA 1997); Bared & Co. v. Specialty Maint. & Constr., Inc., 610 So.2d 1, 3 (Fla. 2d DCA 1992); Riverfront Props., Ltd. v. Factor, 460 So.2d 948, 952 (Fla. 2d DCA 1984); King v. Thompson & McKinnon, Auchincloss Kohlmeyer, Inc., 352 So.2d 1235 (Fla. 4th DCA 1977). The defendants' answer in this case did not raise the right to arbitrate. It thus worked a waiver of that right.
There is a split among Florida courts as to whether prejudice must also be shown to establish a waiver of the right to arbitrate. The first district and the third district hold that a showing of prejudice is required before a waiver can be found. See Benedict v. Pensacola Motor Sales, Inc., 846 So.2d 1238 (Fla. 1st DCA 2003); Shoma Dev. Corp. v. Rodriguez, 730 So.2d 838 (Fla. 3d DCA 1999). This court, the second, and fifth districts hold that no prejudice need be shown. See *428 Owens & Minor Med., Inc. v. Innovative Mktg. & Distribution Servs., Inc., 711 So.2d 176, 177 (Fla. 4th DCA 1998); Raymond James, 851 So.2d at 857-58; Morrell, 834 So.2d at 395. The appellee has not asked this court to recede from its position. In any event, we would adhere to the view that no prejudice is required, as we agree with the second district's thorough analysis and reasoning in its Raymond James opinion.
The first district in Benedict felt that the Florida Supreme Court's opinion in Seifert, 750 So.2d at 636, had substantially changed Florida law by broadly requiring Florida to adhere to federal law on the subject of arbitration. We disagree with this analysis, since Florida courts were clearly required to follow federal law even before Seifert (at least in the vast majority of cases where interstate commerce is implicated). See, e.g., Trojan Horse, Inc. v. Lakeside Games, 526 So.2d 194 (Fla. 3d DCA 1988). The problem here is not any attempted non-compliance with federal law but rather the fact that the federal circuits are themselves split on whether a showing of prejudice is required. See Raymond James, 851 So.2d at 857-58 (and cases cited therein). In this circumstance we are free to follow what we perceive to be the better reasoned approach.
The trial court also erred in its alternative reliance on the Colorado venue selection clause. While venue selection clauses are valid, Friedman v. Am. Guardian Warranty Servs., Inc., 837 So.2d 1165 (Fla. 4th DCA 2003), any objection to venue is waived if it is not raised in the defendants' answer. Copelco Leasing Corp. v. Besi Photo Shop, Inc., 678 So.2d 17, 18 (Fla. 4th DCA 1996); MacDonald v. MacDonald, 444 So.2d 531 (Fla. 1st DCA 1984). The filing of amended pleadings does not revive a waived venue argument. Id. In this case, the defendants answered without raising any venue objection. Hence, their right to a Colorado venue was also waived.
We reverse the dismissal of the Second Amended Complaint and remand for further proceedings consistent with this opinion.
STONE and KLEIN, JJ., concur.
NOTES
[1] The copy of the complaint served on the defendants in Colorado did not have any contracts attached but defendants concede that they were provided a copy of the Shareholder Agreement at the hearing on their first motion to dismiss, early in the litigation.
[2] Defendants claim misconduct on the part of MEP in failing to attach one or both agreements to the copy of the complaint served on them. However, MEP had no obligation to attach the Licensing Agreement to any version of the complaint, since it never sued on that agreement. Fla. R. Civ. P. 1.130(a) (2003). While it apparently failed to attach the copy of the Shareholder Agreement to the service copy of the original complaint sent to Colorado, that is immaterial since that agreement contained no arbitration clause. Moreover, even after the defendants were provided a copy of the Shareholder Agreement at the hearing on its first motion to dismiss, they still did not seek arbitration but instead chose to answer and defend on the merits.