DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**MARINO PERFORMANCE, INC.,**
Appellant,

v.

**JOSE CARLOS ZUNIGA** and **JUAN C. ZUNIGA, JR.,**
Appellees.

No. 4D20-1463

[August 18, 2021]

Appeal of a nonfinal order from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Howard K. Coates, Jr., Judge; L.T. Case No. 50-2018-CA-015200-XXXX-MB.

Hinda Klein and Samuel B. Spinner of Conroy Simberg, Hollywood, for appellant.

George W. Kramer and Debra D. Klingsberg of the Law Offices of Kramer & Klingsberg, Delray Beach, for appellees.

WARNER, J.

Marino Performance ("Marino"), an automobile dealer, appeals a nonfinal order granting the plaintiffs' Jose Zuniga and Juan Zuniga's ("plaintiffs") motion to certify a class in an action against Marino for unfair and deceptive trade practices. In the order, the circuit court also found that Marino waived its right to compel arbitration as to both the named plaintiffs and the unnamed class members. Marino contends that the court erred in denying the motion to compel arbitration as to the unnamed class members. The trial court concluded that Marino waived its right to arbitrate because it failed to provide fair notice of its intent to rely on the arbitration provision during litigation and only raised it on the eve of the class certification hearing. We agree and affirm.

### *Background*

In December 2018, after purchasing vehicles from Marino, plaintiffs filed a class action complaint alleging that Marino engaged in deceptive practices regarding certain fees. Marino answered the complaint and

raised seven affirmative defenses. At no time did Marino raise the issue of arbitration even though an arbitration provision was included in the contract between Marino and each vehicle purchaser. The parties engaged in discovery, with both sides serving interrogatories and requests for production of documents. Plaintiffs filed a motion to compel responses from Marino, but again Marino did not raise the existence of an arbitration agreement.

In April 2019, Marino moved for judgment on the pleadings, arguing that the type of damages sought in the class action were unavailable under the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"). The circuit court denied the motion.

In November 2019, plaintiffs moved to certify the class, and the court set a hearing on the motion. Days before the hearing, in January of 2020, Marino filed its motion to compel arbitration "in opposition to plaintiff's motion for class certification," raising arbitration as an issue for the first time fourteen months after the class action complaint had been filed. Marino contended that it did not waive its right to arbitrate because its prior filings were defensive in nature.

Following the hearing, the court entered an order on the motion for class certification, determining:

> [T]here has been a waiver of the right to compel arbitration in this case. Whether the state or federal test for waiver applies is immaterial as both standards have been met. The Answer did not demand arbitration[;] discovery was tendered and responded to. There was a delay of 14 months before the motion to compel was filed on the eve of the hearing on the motion to certify. Therefore, the arbitration issue is insufficient to defeat numerosity. . . .

At a later hearing on an issue related to the element of representation as to one of the class representatives, Marino argued that even if the court previously found a waiver of its right to arbitrate as to plaintiffs, it did not follow that a waiver occurred as to the unnamed class members.

After supplemental briefing on the issue of whether the waiver should also apply to the unnamed class members, the court entered its supplemental order on motion for class certification. The court ruled that Marino waived its right to arbitrate as to the unnamed class members. In so ruling, the ultimate question for the court was whether:

2

> [B]y its actions in the litigation, [Marino] provide[d] fair notice to Plaintiffs that it intended to enforce its rights to arbitration in this case, or at a minimum that it intended to treat the named Plaintiffs differently from the unnamed putative class members with respect to its decision or not to seek arbitration.

The court emphasized that Marino did not raise arbitration as an affirmative defense in its answer or affirmative defenses "or otherwise reserve the right to assert arbitration as an affirmative defense against either the named Plaintiffs or the unnamed putative class members."

The court discussed Marino's filing of a motion for judgment on the pleadings, where Marino "took the chance of seeking a dismissal of all claims without advising the Court or the Plaintiff that if it lost it would then seek arbitration of the claims of the unnamed putative class members." The court emphasized that Marino did nothing prior to the filing of its motion to compel arbitration to indicate that it was preserving its rights to seek arbitration in the event of class certification.

The court ultimately concluded that Marino "substantially invoke[d] the litigation machinery prior to demanding arbitration." The main concern for the court was that Marino engaged in class discovery without objecting or preserving its right to compel arbitration as to the unnamed class members.

This timely appeal followed.

### *Analysis*

"The question of waiver [of arbitration] is one of fact, reviewable for competent substantial evidence." *Marine Env't Partners, Inc. v. Johnson*, 863 So. 2d 423, 426 (Fla. 4th DCA 2003) (citations omitted). "A party claiming waiver of arbitration must show: 1) knowledge of an existing right to arbitrate and 2) active participation in litigation or other acts inconsistent with that right." *Id.* (citation omitted).

Marino argues that the circuit court did not have jurisdiction over the unnamed class members until after the class was certified, and therefore, prior to certification, Marino had no right to demand arbitration against the unnamed members. Thus, Marino contends that its pre-certification conduct could not operate to waive its right to arbitration since the right did not exist at that time.

3

In response, plaintiffs argue that the circuit court correctly determined that Marino waived its right to compel arbitration as to the unnamed class members. Plaintiffs maintain that Marino acted inconsistently with its arbitration rights and did not assert its intent to arbitrate prior to engaging in extensive discovery.

We agree with the circuit court that the reasoning in *Gutierrez v. Wells Fargo Bank, NA*, 889 F.3d 1230 (11th Cir. 2018), is instructive in analyzing this case. In *Gutierrez,* Wells Fargo appealed the district court's denial of its motion to compel arbitration with the unnamed plaintiffs comprising the classes after the bank's customers filed five class actions. *Id.* at 1233. The Eleventh Circuit ultimately reversed the district court's finding of waiver as to the unnamed plaintiffs, determining that Wells Fargo did not waive its right to arbitrate as to the unnamed class members, because it had provided fair notice that it reserved its right to arbitrate against the unnamed class members. Thus, it had not acted inconsistently with its arbitration rights.

In order to find a waiver of arbitration, the Eleventh Circuit concluded that the trial court must find that the party attempting to invoke arbitration acted inconsistently with the arbitration right. "A key factor in deciding this is whether a party has 'substantially invoke[d] the litigation machinery prior to demanding arbitration.'" *Id.* at 1236 (quoting *S & H Contractors v. A.J. Taft Coal Co., Inc.*, 906 F.2d 1507, 1514 (11th Cir. 1990). It also explained:

> *[T]he key ingredient in the waiver analysis is fair notice to the opposing party and the District Court of a party's arbitration rights and its intent to exercise them.* If the court and the opposing party have such notice at an early stage in litigation, they can manage the litigation with this contingency in mind. For example, if the court knows a party has potential arbitration rights that could throw the case out of court, it can limit the scope of early discovery with this possibility in view, in order to avoid significant expenditures if it turns out that the arbitration provision governs. *Accordingly, fair notice at a relatively early stage of litigation is a primary factor in considering whether a party has acted inconsistently with its arbitration rights.*

*Id.* at 1236–37 (footnote omitted) (emphasis added).

In finding that Wells Fargo did not waive its right to arbitration as to

the unnamed class members, the Eleventh Circuit emphasized that Wells Fargo's "conduct with respect to the unnamed Plaintiffs *differed starkly* from its conduct as to the named Plaintiffs." *Id.* at 1237 (emphasis added). Specifically, Wells Fargo:

> [S]tated expressly in its response to the District Court's scheduling order that it did not plan to seek arbitration with the named Plaintiffs, and it thus joined other defendants in filing an omnibus motion to dismiss the complaints. *In that same response, however, which it filed well before any discovery had been conducted, Wells Fargo explained to the District Court that it was not in a position to assert its arbitration rights against the unnamed Plaintiffs but wished to preserve those rights for when the matter became ripe for the Court to consider them . . . .*

*Id.* (emphasis added). The court further discussed the fair notice factor:

> [W]e have found no authority that requires a party to file a conditional arbitration motion against possible future adversaries—at a juncture in which adjudicating, much less exercising jurisdiction over, those claims is impossible—in order to avoid waiving its rights with regard to those parties. Because the District Court lacked jurisdiction over such motions until the class was certified, such a placeholder document could only serve the purpose of putting the Court and the parties on notice of the moving party's intent to invoke its arbitration rights upon certification of the class. *But that same purpose was served by Wells Fargo's express reservation of its arbitration rights as to future plaintiffs in response to the Court's scheduling order.* Accordingly, we conclude that Wells Fargo did not act inconsistently with its arbitration rights, and, consequently, it did not waive those rights.

*Id.* at 1239 (emphasis added); *see also In re Checking Acct. Overdraft Litig.*, 780 F.3d 1031, 1035 (11th Cir. 2015) (finding that a defendant did not waive its right to arbitrate claims against unnamed class members, but specifically noting that when the defendant filed its answer, it *twice gave notice that it was reserving its right to arbitrate the claims of any future plaintiffs*, stating that, "[a]bsent members of the putative classes have a contractual obligation to arbitrate any claims they have against Wells Fargo").

The *Gutierrez* court acknowledged that Wells Fargo could not have moved to compel arbitration prior to the certification of the class, because the court would not have had jurisdiction to impose arbitration on the unnamed class members. Further, the court determined under the totality of the circumstances that Wells Fargo's litigation strategy and conduct prior to class certification were not inconsistent with its right to arbitration. Because the *Gutierrez* court found that Wells Fargo had not acted inconsistently with its right to arbitration, Wells Fargo could assert its right once the class was certified.

In this case, by contrast, Marino did nothing to signal that it was preserving its arbitration right in the event of class certification prior to filing its motion to compel on the eve of the certification hearing. When Marino filed its answer and affirmative defenses, it did not raise its arbitration right or otherwise reserve the right to assert arbitration as an affirmative defense as to the unnamed class members. Further, in responding to plaintiffs' interrogatories and document requests, Marino's responses were not limited only to its vehicle sales to the class representatives but were also directed at sales to proposed class members. Marino did not object to the discovery of unnamed class members on the basis that Marino intended to enforce its rights to arbitration when the matter was ripe for the court to consider it.

Notably, Marino attempted to have the entire action dismissed on the merits, and then, when that was unsuccessful, it attempted to compel arbitration, months later but just days prior to the hearing on the motion for class certification. This is the type of "outcome-oriented gamesmanship" which the Eleventh Circuit criticized in *Gutierrez*, where one acts "in a manner inconsistent with one's arbitration rights and then change[s] course mid-journey" and pursues arbitration "when its prospects of victory in litigation dim." *Gutierrez,* 889 F.3d at 1236.

We also note that other jurisdictions have embraced a position consistent with the fair notice reasoning in *Gutierrez*. For example, in *Tennyson v. Santa Fe Dealership Acquisition II, Inc.*, 364 P.3d 1273, 1277 (N.M. Ct. App. 2015), the defendant presented the same argument that Marino presents here. Specifically, the defendant argued that, because an order compelling arbitration would not bind absent class members until the class was certified, moving to compel arbitration as to unnamed class members would be futile. *Id.* The court disagreed and determined that the defendant waived its right to compel arbitration against absent class members who were joined by the district court's certification order *despite the fact that the court would not have jurisdiction to compel members to arbitrate prior to certification. Id.* at 1277. The court explained:

6

Defendants retort that an order compelling arbitration would not bind absent class members until the district court entered an order certifying this case as a class action, so moving to compel arbitration before this case was certified as a class action would have been futile. *But the question is not whether or when absent class members would be bound by an order compelling arbitration; the question is whether Defendants waived their right to invoke their right to arbitrate disputes with absent class members. Simply because the district court did not have jurisdiction to compel absent class members to arbitrate their claims does not mean that Defendants had no obligation to rely upon the clause before the district court granted Plaintiffs' motion to certify. See [In re Cox Enters., Inc. Set-Top Cable Television Box Antitrust Litig., 790 F.3d 1112,. 1119 (10th Cir. 2015)]* ("The [district] court may not have been able to compel arbitration of absent class members [before it certified a class], but *[the defendant's] assertion or mention of its right at that point would have fundamentally changed the course of the litigation, ensured a more expedient and efficient resolution of the trial, and prevented [the defendant's] gamesmanship.*

*Id.* at 1279–80 (emphasis added); *see also Elliott v. KB Home N. Carolina, Inc.*, 752 S.E.2d 694, 703 (N.C. Ct. App. 2013) (holding that a defendant waived its rights to compel unnamed class members to arbitration, noting that the defendant "litigated this case . . . while sitting on any contractual rights it had to arbitrate . . . [and] [t]he fact that [plaintiffs' and their attorney's investment of significant time and sums of money] occurred before the class was certified does not negate the fact that, upon certification, the class became tangible beneficiaries of that expenditure").

### *Conclusion*

In sum, consistent with the reasoning in *Gutierrez*, we hold that under the totality of circumstances, the circuit court correctly determined that Marino waived its right to arbitrate as to the unnamed class members. It never provided fair notice to plaintiffs or the court of its right and engaged in a litigation strategy of "outcome oriented gamesmanship."

*Affirmed.*

GROSS and DAMOORGIAN, JJ., concur.

7

\*       \*       \*

*Not final until disposition of timely filed motion for rehearing.*