PER CURIAM.
Appellant, plaintiff in the trial court, seeks review of a summary final judgment entered in favor of appellees on her claim that appellees were hable for the breach of an employment contract between her and corporate subsidiaries of appehees “based on a theory of ‘piercing the corporate veil.’” We affirm the summary judgment because the record contains no evidence of the type of “improper conduct” which must be established to entitle one to pierce the corporate veil. See, e.g., Dania Jai-Alai Palace, Inc. v. Sykes, 450 So.2d 1114 (Fla.1984); Stein-hardt v. Banks, 511 So.2d 336 (Fla. 4th DCA), review denied, 518 So.2d 1273 (Fla. 1987).
At the hearing on the motion for summary judgment, appellant filed a motion for leave to amend her complaint to assert a cause of action against appehees for fraud, based upon the theory that the individual with whom she dealt (who was an officer of appehees as well as the chairman of the board of the subsidiaries) was either an actual or an apparent agent of appellees. The record reflects that appehant may, indeed, have such a cause of action. In such a situation, while it is appropriate to affirm the summary judgment, it is also appropriate to permit the unsuccessful party an opportunity to amend the complaint to assert that cause of action. See, e.g., Hart Properties, Inc. v. Slack, 159 So.2d 236 (Fla.1963); Hadley v. Davjoy, Inc., 613 So.2d 49 (Fla. 4th DCA 1992), review dismissed, 620 So.2d 760 (Fla. 1993); Allen v. Port Everglades Authority, 553 So.2d 1341 (Fla. 4th DCA 1989); Sunday v. Balari, 542 So.2d 485 (Fla. 3d DCA 1989); Coudry v. City of Titusville, 438 So.2d 197 (Fla. 5th DCA 1983). Accordingly, while we affirm the summary judgment with regard to the claim that appellees are liable for an alleged breach of contract by their subsidiar *728 ies based upon a piercing the corporate veil theory, we do so without prejudice to appellant’s right to amend her complaint, within a reasonable time to be determined by the trial court following remand, to allege a cause of action against appellees for fraud, based upon the theory that the individual with whom she dealt was either an actual or an apparent agent of appellees. For the benefit of the trial court on remand, we note that this opinion is not intended to have any effect upon the pending claim against the subsidiaries for breach of the employment contract.
AFFIRMED and REMANDED, with directions.
BOOTH, WOLF and WEBSTER, JJ., concur.