821 So.2d 372 (2002)
GLF CONSTRUCTION CORPORATION, Appellant,
v.
RECCHI-GLF, a joint venture, Appellee.
No. 1D01-4288.
District Court of Appeal of Florida, First District.
July 9, 2002.
Harry O. Thomas and John A. Chiocca of Katz, Kutter, Haigler, Alderman, Bryant & Yon, P. A., Tallahassee, for Appellant.
Donna H. Stinson and Maura M. Bolivar of Broad and Cassel, Tallahassee, for Appellee.
POLSTON, J.
The parties in this case dispute who should conduct an arbitration proceeding pursuant to their contract. The contract provides in relevant part:

Article XIFlow Down and Disputes Resolution
(a) If there are any questions concerning Subcontractor's assumption of obligations in the Subcontract Documents, or if there is a conflict
between provisions or clauses of this subcontract and provisions or clauses of *373 the General Contract, __________[1] shall interpret and resolve such conflict. Said determination shall be final and binding upon Subcontractor, its agents, representatives and employees.
. . .
(c) Any dispute concerning this subcontract that is not resolved thru Article (a) above shall be referred to the American Arbitration Association to be arbitrated under the Construction Industry Arbitration Rules applicable at the date of this subcontract.
Appellant GLF Construction Corporation argues that its currently disputed claims should be arbitrated under the Construction Industry Arbitration Rules by the American Arbitration Association, pursuant to Article XI(c) of their contract. Appellee Recchi-GLF (the "Joint Venture"), argues that Mr. Sutter should conduct the arbitration pursuant to Article XI(a) of the contract.
The case is on appeal from the trial court's denial of GLF's motion to compel arbitration pursuant to Article XI(c) of the contract. The trial court ruled that GLF waived its right to demand arbitration under Article XI(c) because it accepted and actively participated in arbitration proceedings before Arbitrator John Sutter. The trial court cited Harris v. Haught, 435 So.2d 926 (Fla. 1st DCA 1983), which was decided pursuant to the Florida Arbitration Code.
We reverse on the basis of the Federal Arbitration Act and hold that no waiver occurred because the Joint Venture has not demonstrated any prejudice arising from GLF's actions.

I.
In 1998, certain disputes between the parties concerning GLF's "assumption of obligations in the Subcontract Documents" were addressed under Article XI(a). Arbitrator John Sutter answered the questions presented by those disputes, but did not make any monetary award. GLF's current arbitration demand consists of a claim for the damages GLF is entitled to as a result of Arbitrator John Sutter's earlier determination, and a construction delay claim for damages.
On March 16, 2001, GLF wrote the Joint Venture demanding the "second phase" of the 1998 arbitration. On April 3, 2001, GLF wrote the Joint Venture, accepting Arbitrator John Sutter's jurisdiction to consider the pending claims and requesting that certain general procedures be followed. On April 9, 2001, Mr. Sutter denied GLF's request for depositions and discovery, and stated that there would be "[n]o attorneys without prior agreement of the Parties and the Arbitrator." Before any arbitration proceedings were held, GLF filed a demand for arbitration of these claims with the American Arbitration Association, dated May 11, 2001. The Joint Venture objected to the AAA proceedings, and GLF filed a motion to compel arbitration. The trial court denied the motion on the basis that GLF's actions were a waiver, apparently under the Florida Arbitration Code.
It is undisputed that the parties' contract involves interstate commerce. Therefore, the contract is controlled by the Federal Arbitration Act to the extent that Florida law is inconsistent. See 9 U.S.C. § 2; U.S. Const. art. VI, cl. 2; Merrill Lynch Pierce Fenner & Smith, Inc. v. Melamed, 405 So.2d 790, 792 (Fla. 4th *374 DCA 1981). Accordingly, we look to federal substantive law to determine whether a waiver has occurred as ruled by the trial court. See Morewitz v. The West of England Ship Owners Mutual Protection and Indemnity Association (Luxembourg), 62 F.3d 1356, 1364 (11th Cir.1995)("The issue of arbitrability under the United States Arbitration Act is a matter of federal substantive law.").
For there to be a waiver under the Federal Arbitration Act, federal courts consistently require prejudice to the opposing party. E.g., id at 1365-66; S & H Contractors, Inc. v. A.J. Taft Coal Co., 906 F.2d 1507, 1514 (11th Cir.1990); Rush v. Oppenheimer & Co., 779 F.2d 885, 887 (2d Cir.1985). Because the record does not indicate any prejudice to the Joint Venture arising from GLF's actions, we reverse.

II.
The Joint Venture further argues that the trial court's ruling should be affirmed because GLF's current demand for arbitration should be decided, as a matter of contract interpretation, pursuant to Article XI(a) of the contract rather than Article XI(c). Although we agree with the Joint Venture that the question of who should arbitrate is a question of contract interpretation, we do not read Article XI(a) as expansively as argued by the Joint Venture.
The parties agree that only the first part of Article XI(a) is applicable, pertaining to "any questions concerning Subcontractor's assumption of obligations in the Subcontract Documents." The use of the phrase "any questions" in XI(a) is more narrow than the use of the phrase "any dispute" in XI(c). Accordingly, we do not agree with the Joint Venture that GLF's current claims are subject to resolution under XI(a) rather than XI(c).

Conclusion
Therefore, we reverse the order denying GLF's Motion to Compel Arbitration and remand.
BOOTH and BROWNING, JJ., concur.
NOTES
[1] Although the name of the arbitrator was omitted from the contract, the parties subsequently agreed that Mr. John Sutter is the arbitrator for this provision.