KLEIN, J.
The trial court found that the use of a shell corporation to lease a space for a restaurant was not enough, in and of itself, to constitute the type of improper conduct which would warrant piercing the corporate veil after the corporation abandoned the premises and a judgment against it was uncollectible. We affirm.
Reginald Timoteo owns a number of restaurants, through corporations, known as R.J. Gators. The corporation which was allegedly used improperly in this case, R.J. Gators Real Estate Group, Inc. (R.J.), was incorporated in 1995 in order to purchase a piece of real estate. After that purchase fell through the corporation remained inactive until 1999, when it entered into a lease with appellant Geigo.
R.J. had no assets and no bank account. Timoteo, who was president of R.J., made the initial payment due under the lease with funds obtained elsewhere. R.J. never moved in, made no further payments, and abandoned the lease, resulting in a judgment for $37,500 being entered against it. Having been unable to collect on the judgment, Geigo sought to pierce the corporate veil so that it could collect from a different corporation or Timoteo individually.
For purposes of trial the parties stipulated that the architect who started work concerning the leased premises was paid, but by a different corporation, that R.J. did not have stationery or a bank account, and that the 1998 and 1999 tax returns of R.J. showed no income. It was also agreed that the corporate minutes were last prepared in 1995.
The trial court found, based on testimony, that Timoteo had made a business decision to open the new restaurant at a different location than the leased premises, that R.J. was not organized or used to evade creditors, and concluded that there was no improper conduct which would warrant piercing the corporate veil.
Geigo relies on USP Real Estate Investment Trust v. Discount Auto Parts, Inc., 570 So.2d 386 (Fla. 1st DCA 1990). We find that case distinguishable in that, although the shell corporation signed the lease as lessee, the corporation of substance, Discount Auto Parts, actually operated the business. This was a violation of the lease which required that the lessee actually occupy the premises and operate the business. In addition, the president of Discount, who was also president of the shell corporation, admitted that the purpose of making the shell corporation the lessee was to insulate Discount, which was *1111 in fact operating the business, from liability to the landlord if Discount decided to close the store. There was no such evidence in this case.
Ocala Breeders’ Sales Co. v. Hialeah, Inc., 735 So.2d 542 (Fla. 3d DCA 1999), cited by Geigo, is also distinguishable, since the corporation of substance operated the business and received all of the income, leaving the shell corporation with no assets to pay the judgment rendered against it when it breached the lease.
We therefore conclude that the trial court did not err when it found that the mere use of a shell corporation to enter into the lease, and the subsequent breach of the lease by failing to pay rent, did not constitute the type of improper conduct necessary to pierce the corporate veil. Affirmed.
GROSS and TAYLOR, JJ., concur.