DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**FLOORING DEPOT FTL, INC.,**
Appellant,

v.

**ERIC WURTZEBACH** and **JENNIFER WURTZEBACH,**
Appellee.

No. 4D20-1787

[November 17, 2021]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; David Haimes, Judge; L.T. Case No. CACE17-001750 (08).

C. Edward McGee, Jr., of McGee & Huskey, P.A., Fort Lauderdale, for appellant.

Alexander O. Soto of Soto Law Group, P.A., Fort Lauderdale, for appellee.

KLINGENSMITH, J.

Appellant Flooring Depot FTL, Inc., appeals the trial court's final judgment after a non-jury trial finding it liable for damages on breach of contract, conversion, and unjust enrichment claims. Although Floor Depot raises four issues on appeal, we discuss only two: the trial court's mathematical calculation of damages and the trial court's piercing of the corporate veil to impose personal liability on Joseph Prizzi, the President of Flooring Depot, in his individual capacity. We reverse on both issues and affirm the remainder without comment.

Flooring Depot agreed to furnish approximately 3,950 square feet of flooring materials to appellees Eric and Jennifer Wurtzebach at a cost of $37,800.13 to be paid in installments. When appellees later requested to change to a more expensive flooring, Flooring Depot said it would try to accommodate this change despite having already ordered the original flooring, which had not yet been delivered. To effectuate the change, Flooring Depot required appellees to make an additional payment of $8,100.00, labeled both as a "restocking fee" and an "additional charge." Appellees made their final installment payment for the flooring and paid this additional $8,100.00 charge.

Flooring Depot placed appellee's new order for 2,005.09 square feet of flooring and a separate order for the remaining 1,911.83 square feet. Although appellees

1

received flooring for the 2,005.09 square feet of flooring, Flooring Depot did not furnish the outstanding 1,911.83 square feet, forcing appellees to obtain the remaining materials from another company.

Appellees sued Flooring Depot and Prizzi, contending that they breached the sales contract by, among other things, failing to provide all the flooring ordered, and committed fraud by charging a restocking fee.

After closing arguments, the trial court announced its ruling on the record. The court found that both Flooring Depot and Prizzi breached the contract by failing to deliver the full amount of appellees' flooring order even though they had paid it in full. The trial court found that appellees should only be awarded damages for the flooring they did not receive. The court ordered appellees be awarded a portion of both the amount paid under the installment contract and the additional charge equivalent to the percentage of undelivered flooring in the total order. Additionally, the court found Prizzi was individually liable, even though his actions were not fraudulent, because he had commingled company assets with personal assets for his personal expenditures. The court later entered a written final judgment with findings and conclusions consistent with its oral ruling.

As for the amount of damages awarded, the final judgment detailed that appellees should receive 50.75% of both the $37.800.13 contract ($19,183.57) and the $8,100.00 additional charge ($4,110.75). These damages ($23,294.25) with added pre-judgment interest ($4,895.80) totaled $28,190.05. This appeal followed.

This court reviews mathematical errors in a final judgment's monetary award under de novo review. *See Henry v. Henry*, 191 So. 3d 995, 997 (Fla. 4th DCA 2016). When mathematical errors are apparent on the face of a final judgment, an appellate court may order they be corrected on remand. *See Smith v. Smith*, 39 So. 3d 458, 459–60 (Fla. 2d DCA 2010) (stating that an appellate court can order the correction of mathematical errors on the face of the final judgment even without a transcript).

Based on the 3,950 square feet of flooring appellees ordered, their receipt of 2,005.09 square feet of flooring equates to just over half of their original order, specifically 50.76%. Thus, appellees should have received 49.24%, representing the percentage of undelivered flooring, of both the $37,800.13 contract amount ($18,612.78) and the $8,100.00 additional charge ($3,988.44). Therefore, the damage award must be corrected to be $22,601.22, which is $693.03 less than the previous damage award, exclusive of prejudgment interest. We reverse and remand for the trial court to correct the mathematical error in its final judgment.

We also review de novo the trial court's decision to pierce the corporate veil because it presents a pure issue of law. *See Palm Beach Fla. Hotel v. Nantucket*

2

*Enters, Inc.*, 211 So. 3d 42, 46 (Fla. 4th DCA 2016) (issues of law are reviewed de novo); *Foodland Distribs. v. Al-Naimi*, 559 N.W.2d 379, 380 (Mich. Ct. App. 1996) (finding that "[a]n appellate court's review of a decision not to pierce the corporate veil is de novo").

The Florida Supreme Court has held that the corporate veil may not be pierced absent a showing of improper conduct. *See Dania Jai–Alai Palace, Inc. v. Sykes*, 450 So. 2d 1114, 1121 (Fla. 1984). According to the Court, this "showing of improper conduct" necessitates a finding that "the corporation was actually organized or used to mislead creditors or perpetrate a fraud upon them." *Id.* at 1120. After *Sykes*, our court opined litigants must prove the following three factors by a preponderance of the evidence to pierce the corporate veil:

> (1)  the shareholder dominated and controlled the corporation to such an extent that the corporation's independent existence, was in fact non-existent and the shareholders were in fact alter egos of the corporation;
> (2)  the corporate form must have been used fraudulently or for an improper purpose; and
> (3)  the fraudulent or improper use of the corporate form caused injury to the claimant.

*Seminole Boatyard, Inc. v. Christoph*, 715 So. 2d 987, 990 (Fla. 4th DCA 1998) (quoting *In re Hillsborough Holdings Corp.*, 166 B.R. 461, 468 (Bankr. M.D. Fla. 1994)).

Numerous courts, including ours, have reversed court rulings allowing parties to pierce the corporate veil when there were insufficient allegations or findings of improper conduct. *See Geigo Props., L.L.P. v. R.J. Gators Real Estate Grp., Inc.*, 849 So. 2d 1109, 1111 (Fla. 4th DCA 2003) ("[T]he mere use of a shell corporation to enter into the lease, and the subsequent breach of the lease by failing to pay rent, did not constitute the type of improper conduct necessary to pierce the corporate veil."); *111 Props., Inc. v. Lassiter*, 605 So. 2d 123, 125 (Fla. 4th DCA 1992) (forming a corporation to keep the seller from knowing who was purchasing the property was not improper conduct that warranted piercing the corporate veil); *U-Can-II, Inc. v. Setzer*, 870 So. 2d 99, 99 (Fla. 1st DCA 2003) (reversing a trial court's decision to pierce the corporate veil when there were no specific findings of improper conduct and appellee failed to present evidence showing improper conduct or that appellant's corporation was organized to mislead creditors); *Ally v. Naim*, 581 So. 2d 961, 962–63 (Fla. 3d DCA 1991) (stating that the poor handling of business affairs alone does not justify piercing the corporate veil).

We find the trial court erred in piercing the corporate veil and imposing personal liability on Prizzi. Here, the appellees' allegations were insufficient to

show that Prizzi engaged in any improper conduct. The allegations against Prizzi were that he commingled his business and personal assets and used business monies to make personal purchases. These allegations, without more, fail to meet any of the three factors set forth in *Christoph*. *See BEO Mgmt. Corp. v. Horta*, 314 So. 3d 434, 437 (Fla. 3d DCA 2020) (a commingling of personal and corporate funds alone is insufficient to meet the first factor of the "pierce the veil" test). Additionally, there was no evidence that Prizzi used Flooring Depot for an improper purpose, perhaps the most important of the three *Christoph* factors. *See Sykes*, 450 So. 2d at 1121. Because appellees' allegations and evidence were insufficient to allow piercing of the corporate veil, the trial court erred in doing so. *See Setzer*, 870 So. 2d at 99. In fact, the trial court specifically found that Prizzi's actions were *not* fraudulent, a finding which was antithetical to its decision to pierce the corporate veil. *See Sykes*, 450 So. 2d at 1121.

For these reasons, we reverse the individual judgment against Prizzi and remand for the trial court to enter a corrected judgment solely against Flooring Depot in accord with this opinion.

*Affirmed in part, reversed in part and remanded.*

LEVINE and KUNTZ, JJ., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**

4