# Third District Court of Appeal
## State of Florida

Opinion filed March 11, 2026.
Not final until disposition of timely filed motion for rehearing.

————————————

No. 3D24-2245
Lower Tribunal No. 23-3651-CA-01

————————————

**Antonio Torres,**
Appellant,

vs.

**AJJLP, LLC,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Reemberto Diaz, Judge.

Gerson & Schwartz, P.A., and Edward S. Schwartz, for appellant.

Kubicki Draper and Barbara E. Fox, for appellee.

Before FERNANDEZ, LINDSEY and GOODEN, JJ.

PER CURIAM.

Affirmed. See Am. States Ins. Co. v. Kelley, 446 So. 2d 1085, 1086 (Fla. 4th DCA 1984) ("[C]orporations are legal entities separate and distinct from the persons comprising them."); Gasparini v. Pordomingo, 972 So. 2d 1053, 1055 (Fla. 3d DCA 2008) ("[M]ere ownership of a corporation by a few shareholders, or even one shareholder, is an insufficient reason to pierce the corporate veil."); Lipsig v. Ramlawi, 760 So. 2d 170, 187 (Fla. 3d DCA 2000) ("[E]ven if a corporation is merely an alter ego of its dominant shareholder or shareholders, the corporate veil cannot be pierced so long as the corporation's separate identity was lawfully maintained."); 111 Props., Inc. v. Lassiter, 605 So. 2d 123, 126 (Fla. 4th DCA 1992) (finding that the buyer and tenant corporate entities which shared the same sole shareholder were separate legal entities and that they could execute a sale and not be guilty of any improper conduct or misrepresentation for using the corporate identities); Bradley v. Fort Walton Beach Med. Ctr., Inc., 260 So. 3d 1178, 1180 (Fla. 1st DCA 2018) ("It is not enough for the opposing party merely to assert that an issue does exist. . . . [Rather,] [t]he existence of disputed issues of fact must be demonstrated by either  presenting evidence of countervailing facts or justifiable inferences from the facts presented." (internal citation omitted)); Haynes v. Lloyd, 533 So. 2d 944, 946 (Fla. 5th DCA 1988) (holding that a cause of action for premises liability is not based

2

on legal title or ownership; it is based on "the failure of a person who is in actual possession and control . . . to use due care to warn or to exclude, licensees and invitees from areas known to the possessor to be dangerous because of operations or activities or conditions"); Welch v. Complete Care Corp., 818 So. 2d 645, 649 (Fla. 2d DCA 2022) ("The duty to protect others from injury resulting from a dangerous condition on the premises rests on the right to control access to the property. This right is usually in the hands of the tenant, who is in possession and control."); Haynes, 553 So. 2d at 946 ("The crux of the cause of action for premises liability is not legal title or ownership, but the failure of a person who is in actual possession and control . . . ."); Martin v. City of Tampa, 351 So. 3d 75, 78-79 (Fla. 2d DCA 2022) ("The business owner must have some control over the area in which the injury incurred or be conducting some activity on its own property that has foreseeable effects on the adjacent property."); Fla. Power & Light Co. v. Morris, 944 So. 2d 407, 413-14 (Fla. 4th DCA 2006) ("[A] landowner is not, by that status alone, responsible for injuries caused solely by a lessee's operations and activities."); Eckert Realty Corp. v. Strazzeri, 396 So. 3d 220, 221 (Fla. 4th DCA 2024) ("In premises liability cases, the plaintiff [ordinarily] must show the defendant had actual or constructive notice of the dangerous condition on its premises . . . ."); Publix Super Markets, Inc. v. Bellaiche, 245

3

So. 3d 873, 876 (Fla. 3d DCA 2018) (holding that trier of fact "may not stack inferences to determine that a party had actual knowledge of a dangerous condition, nor is the mere possibility of causation sufficient to establish liability").