DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**AISHA JHAVERI, LLC,**
Appellant,

v.

**MARY RIVAS** and **BILLINGTON STABLES, LLC,**
Appellees.

No. 4D2025-0066

[May 27, 2026]

Appeal from the County Court for the Fifteenth Judicial Circuit, Palm Beach County; Sarah Levien Shullman, Judge; L.T. Case No. 502022CC009743XXXXMB.

Carmen Cartaya of Segal McCambridge Singer & Mahoney, Ltd., Fort Lauderdale, for appellant.

Bradford Jon Beilly of Bradford J. Beilly, P.A., Fort Lauderdale, for appellee Mary Rivas.

GROSS, J.

A common legal issue arising in county courts is the identity of the responsible party under a contract when a corporation is involved. If a person is forthright about the corporation's participation in the contract, it is difficult, if not impossible, to pierce the corporate veil to hold that person liable. This case involves such a scenario.

Appellee Mary Rivas is a horse trainer who owns and operates Billington Stables, LLC, which she formed to pursue her business.

Appellant Aisha Jhaveri, LLC entered into an agreement with Billington regarding future horse leases and purchases. On behalf of Billington, Rivas executed a bill of sale for a certain pony.

A dispute over the pony arose and to resolve it Billington and Jhaveri entered into a settlement agreement. Among other terms, Billington agreed to pay Jhaveri two settlement payments. Jhaveri complied with the agreement but Billington failed to make all of the payments.

Aside from a small disagreement over the amount Billington paid under the settlement, the parties agreed that the major issue at trial was whether Jhaveri "was able to pierce the corporate veil of Billington and hold Rivas personally liable for breach" of the agreement.

After a full day non-jury trial, Judge Shullman entered a thoughtful, detailed final judgment, which we reproduce in part below. We adopt the legal analysis in the final judgment as the opinion of this court, as it is consistent with the Florida Supreme Court's decision in *Dania Jai-Alai Palace, Inc. v. Sykes*, 450 So. 2d 1114 (Fla. 1984). The trial court wrote:

> "The Florida Supreme Court has held that the corporate veil may not be pierced absent a showing of improper conduct." *Flooring Depot FTL, Inc., v. Wurtzebach*, 330 So. 3d 47, 49 (Fla. 4th DCA 2021) (citing [*Sykes*], 450 So. 2d at 1121. "[T]his 'showing of improper conduct' necessitates a finding that 'the corporation was actually organized or used to mislead creditors or perpetrate a fraud upon them.'" *Id.* (quoting *Sykes*, 450 So. 2d at 1120).
>
> A party "must prove the following three factors by a preponderance of the evidence to pierce the corporate veil: (1) the shareholder dominated and controlled the corporation to such an extent that the corporation's independent existence, was in fact nonexistent and the shareholders were in fact alter egos of the corporation; (2) the corporate form must have been used fraudulently or for an improper purpose; and (3) the fraudulent or improper use of the corporate form caused injury to the claimant." *Id.* (citing *Seminole Boatyard, Inc. v. Christoph*, 715 So. 2d 987, 990 (Fla. 4th DCA 1998)).
>
> The Court finds that [Jhaveri] failed to meet its burden to pierce the corporate veil as to Rivas. Although Rivas utilized the names "Billington LLC" and "Billington Stables, LLC," interchangeably, there was no evidence to show that she did so knowingly or with an improper purpose. Rather, the evidence was clear that Rivas is a horse trainer, not a businesswoman, and that she was simply careless in using the name Billington Stables, which she credibly testified was the working name of her farm and stables. *See Ally v. Naim*, 581 So. 2d 961, 962–63 (Fla. 3d DCA 1991) ("The fact that a corporation is a 'one person' corporation does not, standing alone, justify piercing the corporate veil, . . . nor does the fact

that business affairs have been poorly handled, without more, justify piercing the corporate veil.").

There was also no evidence that Rivas improperly used the corporate form, under either name, when entering into the subject Agreement with [Jhaveri] on behalf of Billington. None of the parties, or their attorneys, noticed the difference in entity name when drafting and signing the Agreement, nor was this error caught during two years of litigation until the day of trial. The Court cannot find that the inadvertent use of Billington Stables, LLC versus Billington LLC was done for an improper purpose or caused injury to [Jhaveri]. *See Geigo Props., L.L.P. v. R.J. Gators Real Estate Grp., Inc.*, 849 So. 2d 1109, 1111 (Fla. 4th DCA 2003) ("[T]he mere use of a shell corporation to enter into the lease, and the subsequent breach of the lease by failing to pay rent, did not constitute the type of improper conduct necessary to pierce the corporate veil.").

At worst, Rivas personally paid some of Billington's bills during a time period when Billington's bank account was closed, and she deposited Billington's income into her personal account during this time. Otherwise, Rivas credibly testified that she paid business invoices with her business account and personal invoices with her personal account. Thus, "[t]hese allegations, without more, fail to meet any of the three factors set forth in *Christoph.*" *Wurtzebach*, 330 So. 3d at 50 (citing *BEO Mgmt. Corp. v. Horta*, 314 So. 3d 434, 437 (Fla. 3d DCA 2020), wherein a commingling of personal and corporate funds alone was held to be insufficient to meet the first factor of the "pierce the veil" test).

Further, [Jhaveri]'s theory was that Billington sold it a worthless pony under a different name and identity. Even if improper or fraudulent, which was not sufficiently proven, such facts do not establish that Rivas used *the corporate form* to commit this improper purpose, or that the improper use of *the corporate form* caused injury to [Jhaveri]. One issue had nothing to do with the other. [Jhaveri]'s complaint alleged breach of a settlement agreement, not fraud. There was simply no evidence to connect Billington's sale of the pony to Rivas' use of the corporate form to the breach of the settlement agreement.

(minor alterations for readability).

3

The final judgment of the county court is affirmed.

*Affirmed.*

MAY and KLINGENSMITH, JJ., concur.

*     *     *

***Not final until disposition of timely-filed motion for rehearing.***